**UNITED STATES of America, Plaintiff,**

v.

**Fletcher SAPP and Ronald Sapp, Defendants.**

Nos. 93–20064–01–DES, 97–3181–01–DES.

United States District Court,
D. Kansas.

Oct. 27, 1997.

Tanya J. Treadway, Office of United States Attorney, Kansas City, KS, for Plaintiff.

C. Maxwell Logan, Norris, Keplinger & Logan, L.L.C., Overland Park, KS, for Defendant.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendants' Motion for New Trial pursuant to Federal Rule of Criminal Procedure 33 (Doc. 126) and defendants' Motion to Consolidate Cases (Doc. 125). For the reasons discussed below, both motions are denied.

### I. INTRODUCTION

Fletcher and Ronald Sapp are currently serving five years' supervised release from the Bureau of Prisons following their incarceration on their felony convictions for defrauding Midland Bank of Kansas in violation of 18 U.S.C. § 1344(2). In addition, defendants were each ordered to pay $279,000 in restitution. The date of their judgments of conviction was December 3, 1993, and they were both sentenced on March 15, 1994.

In these motions, defendants allege that they have newly discovered evidence and, on that basis, request a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Furthermore, they requested that this motion for a new trial be consolidated with their previously filed § 2255 motion.

Although the defendants currently have several other motions pending before the

court, none of those are the subject of this order.

## II. DISCUSSION

Rule 33 of the Federal Rules of Criminal Procedure states, in relevant part, as follows:

> The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice.... A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case.

Although defendants claim that this motion is timely filed, the court notes that the defendants were sentenced on March 15, 1994. Furthermore, the court notes that both motions currently before the court were filed on June 12, 1997, more than three years after the defendants received a final judgment in this case. Therefore, the court finds that the defendants' Motion for New Trial is barred by the two-year time limit contained in Rule 33. As a result, there is no need for the court to consider the defendants' Motion to Consolidate Cases.

**IT IS THEREFORE BY THE COURT ORDERED** that the defendants' Motion for New Trial pursuant to Rule 33 (Doc. 126) is denied.

**IT IS FURTHER ORDERED** that the defendants' Motion to Consolidate Cases (Doc. 125) is denied.